## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN BRANNAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00585-TWP-TAB |
| | ) |
| CLINTON COUNTY BOARD OF | ) |
| COMMISSIONERS, | ) |
| CLINTON COUNTY BOARD OF HEALTH, | ) |
| SCOTT SHOEMAKER, individually and in his | ) |
| official capacity as Commissioner, | ) |
| CORY BOYLES, individually and in his official | ) |
| capacity as Commissioner, | ) |
| BERT WEAVER, individually and in his official | ) |
| capacity as Commissioner, | ) |
| DR. STEPHEN THARP, individually and in his | ) |
| official capacity as Commissioner, and | ) |
| RODNEY WANN, | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON MOTION TO DISQUALIFY COUNSEL

This matter is before the Court on Plaintiff John Brannan's ("Brannan") motion to disqualify the Defendants counsellors based on non-waivable conflicts of interest. Specifically, Brannan ask the court to disqualify attorney's Thomas Little ("Little") of Power Little, Little & Little, as well as, James Stephenson ("Stephenson") and Rosemary Borek ("Borek") of Stephenson Morow & Semler, from representing more than a single defendant within this matter. (Filing No. 22.) For the following reasons, the Courts **DENIES** the Motion to Disqualify.

### I.   BACKGROUND

The following facts are taken directly from Brannan's Complaint and the parties' briefs. On March 14, 2011, Tharp, a Clinton County Board of Health Officer, hired Brannan as the Administrator of the Board of Health. (Filing No. 17 at 2.) In 2013, the Clinton County Board of

Commissioners ("the Commissioners") sought to transfer the County's Public Health Nurse to Parkview Home. ([Filing No. 1 at 4](#).) Brannan opposed the Commissioners' plan, asserting that the State Department of Health's regulations prohibit the transfer. *Id.* Following Brannan's opposition to the Commissioners' plan, the Commissioners attempted to induce the Board of Commissioners to remove Brannan as Administrator. *Id.* The Board of Commissioners, however, declined to remove Brannan. *Id.* The Commissioners then attempted to persuade Tharp to remove Brannan, even without the Board of Commissioners' approval. *Id.*

On November 18, 2015, Dr. Stephen Tharp ("Tharp") informed Brannan that the Commissioners instructed his removal and, effective immediately, Rodney Wann ("Wann") would replace Brannan as Administrator. *Id.* at 4-5. Tharp demoted Brannan to the position of Food Inspector. *Id.* at 5. As a result of the demotion, Brannan suffered major anxiety attacks causing his doctor to certify him for intermittent leave under the Family and Medical Leave Act ("FMLA"). *Id.* Brannan presented a signed certification to Tharp, and both Tharp and Wann informed Brannan that he must provide them with a schedule of when he intended to take his intermittent FMLA leave. *Id.*

Shortly thereafter, while Brannan visited his doctor, he saw Commissioner Scott Shoemaker ("Shoemaker") enter the doctor's office in full police attire. *Id.* Brannan suspected that Shoemaker entered the doctor's office to observe him. *Id.* After witnessing Shoemaker in the doctor's office, Brannan obtained counsel and, on February 17, 2016, sent a letter to the Commissioners, as well as Tharp and Wann, advising them that Shoemaker's actions amounted to an interference with his exercise of his FMLA rights. *Id.* Brannan also explained that requiring him to schedule his intermittent FMLA leave constituted interference. *Id.* at 5-6. On March 4,

2

2016, Tharp terminated Brannan for insubordination and informed Brannan that his termination was pursuant to the instructions of the Commissioners. *Id.* at 6.

On March 16, 2016, Brannan filed a Complaint in this Court asserting deprivation of rights against the Commissioners and Tharp, as well as, violation of the FMLA against all Defendants. ([Filing No. 1](#).) Attorneys Little, Stephenson, and Borek entered appearances to collectively represent Defendants Shoemaker, Bert Weaver, and Cory Boyles (collectively, "Commissioners"), as well as, Clinton County Board of Commissioners ("Board of Commissioners"), Clinton County Board of Health ("Board of Health"), Tharp, and Rodney Wann. ([Filing No. 5](#); [Filing No. 8](#); [Filing No. 9](#).) Brannan contends that a conflict of interest will likely arise because the attorneys' representation of one of the Defendants will materially limit the attorneys' duty to the other Defendants. On August 20, 2016, Brannan moved this Court to disqualify attorneys Stephenson, Little, and Borek, asserting that there is a non-waivable conflict of interest, pursuant to Indiana Rule of Professional Conduct 1.7. ([Filing No. 22](#).) In response, the Defendants argue that Brannan does not have standing and a conflict of interest does not exist. ([Filing No. 24](#).)

## II.   LEGAL STANDARD

"Disqualification of an attorney is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d 885, 890 (S.D. Ind. 2014) (quoting *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993)). "The standards for disqualification of an attorney derive from two sources: Indiana's Rules of Professional Conduct and federal common law." *Leathermon v. Grandview Mem. Gardens, Inc.*, No. 4:07-cv-137-SEB-WGH, 2010 WL1381893, at * 8 (S.D. Ind. March 31, 2010).

According to Indiana Rule of Professional Conduct 1.7, a lawyer shall not represent a client if "the representation of one client will be directly adverse to another client." Ind. R. Prof. Conduct

1.7(a)(1). A lawyer is also prohibited from representing a client where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." *Id.* at 1.7(a)(2). However, even where a conflict exists, a lawyer may represent a client if:

> (b)(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Ind. R. Prof. Conduct 1.7(b). "A moving party bears the burden of proving that an actual conflict of interest in violation of Rule 1.7 exists, rather than merely a potential one." *Mills,* 992 F. Supp. 2d at 890 (citing *See Philips Medical Systems Int'l B.V. v. Bruetman,* 8 F.3d 600, 606 (7th Cir.1993)).

### III. DISCUSSION

Brannan moves this Court to disqualify attorneys Stephenson, Little, and Borek, asserting a non-waivable conflict of interest exists. Brannan contends that one or more situations may occur during this case where the attorneys' representation of one client will be materially limited by the attorneys' duty to the other clients. In response, the Defendants argue that Brannan lacks standing to seek disqualification of Defendants' counsels on the grounds that their representation of all Defendants violate Rule 1.7. The Defendants also contend that a conflict of interest does not exist. The Court will address each issue in turn.

**A.** **Standing**

The Defendants assert that Brannan lacks standing to seek disqualification of Defendants' counsels pursuant to Rule 1.7.  The purpose of Rule 1.7 is to protect clients from harm caused by conflicting representations.  *Mills,* 992 F. Supp. 2d at 891.  Rule 1.7 is not designed to serve as a "weapon in the arsenal of a party opponent."  *Id*.  Therefore, "the general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court."  *Id.* (citing *In re Yarn Processing Patent Validity Litig.,* 530 F.2d 83, 88 (5th Cir.1976); *Tizes v. Curico,* 1997 WL 116797, at *2 (N.D.Ill. Mar. 12, 1997)).  However, "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question."  *Id*. at 892 (citing *Blanchard v. EdgeMark Fin. Corp.,* 175 F.R.D. 293, 306 (N.D.Ill.1997); *Thomas & Betts Corp. v. Panduit Corp.,* 1995 WL 319635, at *1 (N.D.Ill. May 25, 1995)).

The Defendants argue that Brannan has no current or prior affiliation with attorneys Stephenson, Little, or Borek and, as such, Brannan has no standing to argue on their behalf.  In the alternative, the Defendants rely on *Emmis Operating Co*., when arguing that Brannan cannot show that attorneys Stephenson's, Little's, and Borek's representation affects the administration of justice.  *See Emmis Operating Co. v. CBS Radio, Inc*., 480 F. Supp. 2d 1111 (S.D. Ind. 2007).  In *Emmis,* the Court ruled that a defendant had standing to seek disqualification of plaintiff's counsel, where plaintiff's counsel represented the defendant's key witness in negotiating an employment agreement, which was the subject of the underlying suit.  *Id.* at 1117.  The Court held that the counsel's prior representation of the key witness, in negotiating the employment agreement at issue, amounted to a conflict of interest that would "effect the full and fair administration" of justice.  *Id.*

The Defendants contend that attorneys Stephenson's, Little's, and Borek's representation does not harm the full and fair administration of justice because neither Brannan, nor anyone affiliated with Brannan, has a relationship with Defendants' counsels that could be used against Brannan in this case. Brannan argues only the possibility that each Defendant could take positions that are contrary to the other Defendants. Brannan specifically asserts that a conflict exists because he could potentially negotiate with several of the Defendants, dismiss their claims, and secure favorable evidence from those Defendants to support claims against other Defendants. Brannan contends that in the foregoing situation, Defendants' counsels would clearly be materially limited in one representation or another.

The Court finds that Brannan is essentially "attempting to justify a motion to disqualify primarily on the basis of [the Defendants'] interest." *See Mills*, 992 F. Supp. 2d at 893. "Seventh Circuit case law makes clear that under these circumstances, an adversary party lies outside the protective scope of the conflict rules, and thus lacks standing to bring a disqualification motion." *Id.* (citing *Matter of Sandahl,* 980 F.2d 1118, 1121 (7th Cir. 1992); *Blanchard,* 175 F.R.D. at 305-306 (holding that defendants lacked standing to seek disqualification of plaintiffs' counsel, where plaintiffs' counsel adopted a position contrary to the interest of its client)); *See also Thomas & Betts Corp.,* 1995 WL 319635, at *2 (holding that a "[d]efendants' feigned concern for [plaintiff]'s welfare was unpersuasive" and the defendants lacked standing).

The Court sees no basis for concluding that the fair and efficient administration of justice would be harmed because Brannan's motion relies only on Defendants' possible interest rather than an actual attorney-client conflict. Accordingly, the Court finds that Brannan lacks standing to seek disqualification of Defendants' counsels.

**B.     Conflict of Interest**

Even assuming that Brannan has standing to seek disqualification of attorneys Stephenson, Little, and Borek, the Court concludes that Brannan has not proved that a conflict exists. "A moving party bears the burden of proving that an *actual conflict* of interest in violation of Rule 1.7 exists, *rather than merely a potential one*." *Mills,* 992 F. Supp. 2d at 890 (citing *Philips,* 8 F.3d at 606) (emphasis added). Brannan argues only that this case "is *very likely* to produce one or more situations in which the attorneys' representation of one client…will be materially limited by the attorneys' duty to another client…" (Filing No. 23 at 2) (emphasis added). Brannan has not provided information regarding an actual conflict of interest. The Defendants contend that their positions are not adverse to each other and neither Defendant objects to the representation of attorneys Stephenson, Little, and Borek. Moreover, Defendants attorney are fully aware of their obligations under Rule 1.7. If an actual conflict were to arise in this matter, the Court trusts that attorneys Stephenson, Little, and Borek would take the appropriate actions. Accordingly, because Brannan offers only mere potential conflicts rather than an actual conflict of interest, Brannan's motion to disqualify Defendants' counsels is **denied**.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff John Brannan's Motion to Disqualify Counsel (Filing No. 22) is **DENIED**.

**SO ORDERED.**

Date: 10/27/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT
  & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com

Thomas Frank Little
POWER LITTLE LITTLE
tflatv@gmail.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com